**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RICHARD C. BARTEL,
   Appellant,

  v.

DEPARTMENT OF THE AIR FORCE,
   Agency.

DOCKET NUMBER
DC-1221-14-0748-W-1

DATE: November 12, 2015

# THIS ORDER IS NONPRECEDENTIAL[*]

Richard C. Bartel, Arlington, Virginia, pro se.

Erin Lai, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the administrative judge's denial of the appellant's request for corrective action concerning the cancellation of his temporary assignment. However, we REMAND the appellant's allegation that he was constructively discharged in reprisal for his protected whistleblowing activity to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 At all times relevant to this appeal, the appellant held the permanent position of Air Safety Investigator for the Department of the Air Force (the agency), at Kirtland Air Force Base in New Mexico. Initial Appeal File (IAF), Tab 11 at 12, 21-22. In January 2012, the Department of Defense's (DOD's) Civilian Expeditionary Workforce (CEW) selected him for a 12-month assignment to the position of Aviation Safety Manager in Afghanistan. *Id*. at 35. The appellant's immediate supervisors attempted to block his deployment to that assignment due to mission requirements at Kirtland. *Id*. at 92-95, 97. However, their requests were denied. *Id*. at 97.

¶3 The appellant deployed to the Afghanistan assignment in February 2012. *Id*. After just 3 months, in May 2012, the agency returned the appellant to his permanent position at Kirtland. *Id*. at 21, 97. According to his CEW supervisor in Afghanistan, L.O., and his agency supervisor at Kirtland, R.G., the appellant lacked the necessary experience to continue in the Afghanistan assignment, and

he was still needed at Kirtland. *Id*. at 96-97. The appellant retired from his position with the agency, effective July 2012. *Id*. at 12.

¶4    Thereafter, the appellant filed this IRA appeal, alleging that he was subjected to whistleblower retaliation. IAF, Tab 1. The appellant alleged that he made one protected disclosure pertaining to maintenance problems with Osprey military aircraft and another pertaining to fraudulent overtime reporting of certain employees in Afghanistan. IAF, Tab 1 at 5, Tab 24 at 8, 25. According to the appellant, these disclosures led to the premature termination of his deployment to Afghanistan and his constructive discharge. IAF, Tab 1 at 5. He characterized the retaliation as being orchestrated by a coworker, R.S., and two supervisors, L.O. and R.G. *Id*.

¶5    The administrative judge found that the appellant met his jurisdictional burden regarding the two disclosures and the cancellation of his deployment to Afghanistan. IAF, Tab 26 at 1-2. However, after holding the requested hearing, the administrative denied the appellant's request for corrective action. IAF, Tab 50, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 2.

¶6    In his petition, the appellant first argues that the administrative judge erred by docketing his appeal against the agency (the Department of the Air Force), rather than the DOD. PFR File, Tab 1 at 3-6. He also argues that the administrative judge erred in finding that the appellant failed to prove that the agency cancelled his Afghanistan deployment in reprisal for protected disclosures. *Id*. at 4-5. We disagree. However, we find that the administrative judge failed to adjudicate the appellant's claim that he was constructively discharged in reprisal for whistleblowing.

<u>The appellant failed to show any error or harm in the administrative judge's docketing his appeal against the Department of the Air Force, rather than the DOD.</u>

¶7    The appellant named the DOD's CEW as the respondent party to his appeal. IAF, Tab 1 at 1. Nevertheless, the administrative judge docketed the appeal with the agency as the respondent. IAF, Tab 2 at 1. The appellant requested that the DOD be reinstated as a party to the appeal, *e.g.*, IAF, Tab 6 at 3, Tab 17 at 3, Tab 42 at 3, but the administrative judge denied the request, IAF, Tab 44 at 1-2; ID at 1 n.1. The administrative judge concluded that the agency, not the DOD, had the authority to take a personnel action against the appellant, and did so by terminating his assignment in Afghanistan. IAF, Tab 44 at 1-2. The appellant argues that this was a procedural error and that it prevented him from engaging in discovery with the DOD. PFR File, Tab 1 at 3, 5. We disagree.

¶8    Although the appellant's temporary assignment with the CEW required that he deploy to Afghanistan and report to a civilian with the Department of the Army while supporting the various military branches and the North Atlantic Treaty Organization, IAF, Tab 11 at 35, 37-38, 96, he remained an agency employee, *id*. at 21-22. He reported his time and attendance to the agency, and it had the administrative responsibility of effectuating the personnel action at issue, the termination of his assignment, even if it did not do so until his Army supervisor released him from his Afghanistan obligation. *See* IAF, Tab 10 at 21-22, 32-33, Tab 11 at 21, 96-97. The appellant failed to present any persuasive evidence to demonstrate otherwise. Therefore, we agree with the administrative judge's determination that the agency, not the DOD, was the proper respondent party.

¶9    Alternatively, even if the administrative judge did err in refusing to include the DOD as a respondent party, the appellant failed to show any resulting harm. An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the*

*Air Force*, 22 M.S.P.R. 281, 282 (1984). The appellant alleges that without the DOD as a named party to his appeal, he was unable to conduct full discovery. PFR File, Tab 1 at 5. However, that argument is unavailing. The Board's regulations permit an appellant to obtain discovery from both parties and nonparties to an appeal and so the appellant could have, but did not, attempt to engage in discovery with the DOD. *See* 5 C.F.R. §§ 1201.72-.73. Accordingly, even if we were to find that the administrative judge erred in naming only the agency as the respondent party, this caused no harm to the appellant's substantive rights because he chose not to engage the DOD, or any other nonparty for that matter, in discovery.

The appellant failed to meet his burden of proving that any disclosures were a contributing factor to the termination of his temporary assignment.

¶10    The administrative judge denied the appellant's request for corrective action, finding that even if he made protected disclosures, he failed to prove that they contributed to the termination of his assignment in Afghanistan. ID at 9-10. On review, the appellant disputes this finding. PFR File, Tab 1 at 4-5. He reasserts that the termination of his temporary assignment was unlawful retaliation, suggesting that this was confirmed by agency witness R.G. *Id*. We disagree.

¶11    In an IRA appeal, an appellant bears the burden of establishing a prima facie case of whistleblower retaliation. *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). To meet that burden, an appellant must prove, by preponderant evidence, that he made a protected disclosure and that the disclosure was a contributing factor in a personnel action taken against him. 5 U.S.C. § 1221(e)(1); *Lu*, 122 M.S.P.R. 335, ¶ 7. If an appellant does so, the agency is then given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Lu*, 122 M.S.P.R. 335, ¶ 7.

¶12      An employee may demonstrate that a disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action, i.e., by satisfying the knowledge/timing test. *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013). If an appellant fails to satisfy the knowledge/timing test, the Board will consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials and whether those individuals had a desire or motive to retaliate against the appellant. *Id.*

¶13      In this case, the appellant reported making his first disclosure, concerning maintenance problems with Osprey military aircraft, in late 2011. IAF, Tab 49, Hearing Compact Disc (HCD) (testimony of the appellant); *see* IAF, Tab 24 at 8. He reportedly made the second disclosure, alleging fraudulent overtime reporting of coworkers, in early 2012. HCD (testimony of the appellant); *see* IAF, Tab 24 at 25. The agency, in concert with the appellant's CEW supervisor, terminated his Afghanistan assignment shortly thereafter, in May 2012. IAF, Tab 11 at 21, 96-97. Although that span of just a few months would satisfy the "timing" prong of the knowledge/timing test, *see, e.g.*, *Ontivero v. Department of Homeland Security*, 117 M.S.P.R. 600, ¶ 23 (2012), the appellant failed to prove the "knowledge" prong.

¶14      The appellant has not alleged that he relayed either of his disclosures to the individuals he identified as responsible for the termination of his assignment, L.O. and R.G., his supervisors in Afghanistan and Kirtland. Instead, he speculated about how they might have learned about the disclosures, in part because he believed they were becoming widely known, and in part by asserting that he told another individual, R.S., about his plans to disclose overtime abuse,

and alleging that he overheard R.S. talking to someone on the telephone. IAF, Tab 30 at 8; HCD (testimony of the appellant). The appellant speculated that the other individual on the telephone could have been L.O., and that R.S. might have been informing L.O. about his fraudulent overtime disclosure. IAF, Tab 30 at 8; HCD (testimony of the appellant). He also suggested that L.O. had a motive to retaliate because he was somehow involved in the purported overtime abuse. IAF, Tab 1 at 5; HCD (testimony of the appellant). However, both L.O. and R.G. categorically testified and submitted written statements that they had no knowledge of the appellant's disclosures prior to terminating his assignment. IAF, Tab 11 at 96-97; HCD (testimony of L.O. and R.G.). Based upon this testimony, the sworn statements, and the lack of persuasive argument or evidence to the contrary, the administrative judge found that the appellant failed to prove that the responsible officials had any knowledge of his disclosures. ID at 9. We agree. *See Jones v. Department of the Treasury*, 99 M.S.P.R. 479, ¶ 8 (2005) (finding unsubstantiated speculation that an agency official might have known of protected disclosures was insufficient to meet the appellant's burden to make a nonfrivolous allegation of jurisdiction); *Easterbrook v. Department of Justice*, 85 M.S.P.R. 60, ¶ 11 (2000) (concluding that the record failed to demonstrate that the official responsible for the personnel action at issue had actual or constructive knowledge of the appellant's disclosure).

¶15    As the administrative judge correctly noted, the appellant has extensive fixed-wing aviation experience, but that experience did not match the duties required for the job in the Afghanistan assignment, dealing with rotary-wing aircraft. ID at 7-9; IAF, Tab 11 at 96-97; HCD (testimony of L.O. and R.G.). L.O. identified this lack of experience as the reason he released the appellant from any further obligations in the Afghanistan assignment. IAF, Tab 11 at 96; HCD (testimony of L.O.). In addition, R.G. identified stateside mission needs as the reason for his wanting the appellant returned to Kirkland. IAF, Tab 11 at 97-98; HCD (testimony of R.G.). That is consistent with the reason R.G.

provided for why he tried to prevent the appellant's deployment months prior to his disclosures. IAF, Tab 11 at 92-95; HCD (testimony of R.G.).

¶16 In his petition, the appellant argues that R.G.'s testimony confirmed that he would not have taken any action to recall the appellant to Kirtland after he deployed, but for the actions of the DOD. PFR File, Tab 1 at 4 (referencing HCD (testimony of R.G.)). However, the dispositive issue is whether the appellant met his burden of proving that his disclosures were a contributing factor in the termination of his assignment. The administrative judge found that he did not meet that burden, ID at 9-10, and we agree. The parties responsible for terminating the appellant's assignment provided a reasonable rationale for doing so, the appellant failed to show that those parties had actual or constructive knowledge of his disclosures, and the appellant provided no other persuasive argument and evidence to otherwise meet his burden.

We remand the appellant's claim that he was constructively discharged in reprisal for his protected whistleblowing activity for further adjudication.

¶17 A resignation or retirement qualifies as a personnel action if an appellant proves by preponderant evidence that the separation was involuntary. *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 (2014). The Office of Special Counsel's (OSC's) letter identified the alleged personnel actions as both the cancellation of the appellant's deployment, IAF, Tab 9 at 7, and unreasonable scrutiny of his performance upon his return from Afghanistan, leading to his decision to retire, *id*. at 8. Furthermore, the appellant raised his constructive discharge allegation in his initial appeal and continued to raise this claim throughout the appeal. *See* IAF, Tabs 1, 15, 18, 21. Although the appellant alleged before both OSC and the Board that the agency had constructively discharged him, the administrative judge did not address this alleged personnel action.

¶18 We find that, under these circumstances, the administrative judge's failure to address the appellant's alleged constructive discharge allegation was error. *See*

*Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 9 (2012) (finding that the administrative judge's failure to address the issue of the appellant's alleged reprimand was error where she had exhausted her administrative remedies concerning the reprimand and raised it in her appeal); *see also Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (determining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests). Accordingly, we find that the administrative judge should determine on remand whether the appellant established prohibited whistleblowing retaliation regarding the alleged constructive discharge. The administrative judge shall provide the parties with an opportunity to submit evidence and argument regarding this issue on remand and shall hold a supplemental hearing on this issue, if necessary.

**ORDER**

¶19 For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. In the remand initial decision, the administrative judge may incorporate his prior finding that denied corrective action regarding the cancellation of the appellant's Afghanistan deployment.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.